```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | |
|---|---|
| BP PRODUCTS NORTH AMERICA INC., )<br>                              )<br>     Plaintiff,                )<br>                              )<br>                              )<br> v.                           )    No. 2:11-cv-2162-JPM-cgc<br>                              )<br> PREMIER OIL COMPANY, LLC;     )<br> POC REAL ESTATE COMPANY, LLC; )<br> M. KYLE RICE;                 )<br> and RICHARD K. RICE,          )<br>                              )<br>     Defendants.              )  | |

**ORDER DENYING PLAINTIFF'S MOTION TO HOLD DEFENDANT RICHARD K. RICE IN CONTEMPT**
**AND**
**ORDER SETTING SCHEDULE FOR OBJECTIONS TO FEES AND EXPENSES**

Before the Court is Plaintiff BP Products North America, Inc.'s ("Plaintiff" or "BP") Motion to Hold Defendant Richard K. Rice in Contempt of Court and to Enforce December 17, 2012 Order Against Defendant Richard K. Rice, filed July 2, 2013. (ECF No. 94.) Defendant Richard K. Rice ("Defendant" or "Rice") filed his Response in Opposition (ECF No. 96) on July 16, 2013.

A telephonic hearing on the Motion was held on August 12, 2013. Julia Voss and Dawn Johnson were present for Plaintiff BP; Jonathan Stokes was present for Defendant Richard K. Rice; and Robert F. Miller were present for Defendant M. Kyle Rice.

For the reasons that follow, Plaintiff's Motion is DENIED.

**I.   BACKGROUND**

The background of the instant case is set forth in detail in the Court's December 17, 2012 Order Granting Defendant Richard K. Rice's Motion for Leave to Amend/Suspend Scheduling Order to File Amended Answer (ECF No. 48), which the Court incorporates by reference.  Pursuant to the Court's Order, the Court allowed Richard Rice to file an amended Answer in his individual capacity.  (Id. at 17.)  The Order also provided for a sixty (60) day period of reopened discovery, to be paid for by Rice.  (Id.)  The Court stated,

> The Court therefore REOPENS discovery for a period of sixty (60) days from the entry of this Order.  This limited discovery will relate to the issues created by Rice's Amended Answers that refute those admissions in the Defendants' original Answer.
>
> BP's *reasonable* costs, expenses, and fees of the reopened discovery, plus the additional costs to BP of preparing and filing a new Motion for Summary Judgment shall be paid by Defendant Richard K. Rice.  If the parties are unable to reach agreement as to the amount of fees, expenses, and costs to be paid by Rice, said issue shall be submitted to the Court.

(Id.)

The Court subsequently extended the deadline to complete the reopened discovery by thirty days on January 22, 2013 (ECF No. 69), by an additional thirty days on March 11, 2013 (ECF No. 80), and by an additional fourteen days on April 15, 2013 (ECF No. 83).  All extensions were unopposed.

2

A.   **The Invoices**

After entry of the Order, on December 21, 2012, BP sent an "Estimate For Discovery Tasks Necessary Due to Richard Rice Amendment and to be Paid for by Richard Rice," which estimated the reopened discovery costs to be $64,720.  (ECF No. 94-2.)

In a letter dated March 21, 2013, BP sent its first invoice for discovery costs for December 2012 and January 2013, totaling $20,193.50.  (ECF No. 96-4; ECF No. 96-11; ECF No. 96-12; see also ECF No. 88-5 at PageID 1298-1307.)  BP indicated it expected payment within thirty days of the date of the letter.

In a letter dated May 20, 2013, BP sent its second invoice for discovery costs for February, March, and April 2013, totaling $37,992.59.  (ECF No. 96-10; see also ECF No. 88-5 at PageID 1308-19.)  BP indicated it expected payment within thirty days of the date of the letter.

In a letter dated June 6, 2013, BP sent its third invoice for discovery costs for May 2013 and the first few days of June 2013, totaling $4,786.35.  (ECF No. 96-5; ECF No. 96-9; see also ECF No. 88-5 at PageID 1320-22.)  BP indicated it expected payment within thirty days of the date of the letter.  BP also noted Rice had not paid any of the previous invoices, that the thirty-day timeframe in which to do so had elapsed, and that if Rice did not pay by June 21, 2013, BP would file a motion requesting Rice be held in contempt.

**B.   Communications Between the Parties Regarding the Invoices**

On April 26, 2013, BP sent an email to Rice requesting the status of Rice's payment of the discovery invoices.  (ECF No. 93-4.)  On May 7, 2013, BP sent a second email to Rice requesting an update as to when Rice would pay the overdue invoices.  (Id.)  The same day, Rice responded that he did not have the means to pay the amounts in full, but could comply with a payment schedule.  (Id.)  Rice also proposed to reserve the issue of fees "until a judgment/settlement has been reached."  (Id.)

On May 9, 2013, BP inquired as to the payment schedule and did not agree to reserve the issue until the end of the case.  (ECF No. 94-4.)

On May 20, 2013, BP sent its second invoice and inquired again as to the payment schedule.  (ECF No. 94-5.)  Rice's counsel responded that counsel was waiting to hear from Rice.  (Id.)

On June 6, 2013, BP asked again for a payment schedule.  (ECF No. 94-6.)

On June 25, 2013, via telephone, Rice "offered to pay BP approximately $1100 a month for 60 months until the payment was made."  (Voss Aff. ¶ 18, ECF No. 94-1.)  Alternatively, Rice offered to pay the "fees within 90 days, but at a 40–50%

4

discount." (Id. But see Rice Aff., ECF No. 96-8 ¶ 7 (stating Rice "offered to pay sixty percent (60%) of the demanded attorney fees within ninety (90) days").) The offer was rejected. (Voss Aff. ¶ 19, ECF No. 94-1.)

On June 27, 2013, via telephone, BP offered to allow Rice "to pay the fees over 90 days by paying $25,000.00 up front, followed by two payments of $20,000.00." (Id. ¶ 22.)

On June 28, 2013, Rice offered to pay the fees in the amount of $2000 per month for approximately thirty months. (Id. ¶ 23; ECF No. 94-8.) BP declined the offer and filed the instant Motion.

## II. STANDARD OF REVIEW

The movant in a civil contempt proceeding bears the burden of proving by clear and convincing evidence that the respondent "violated a definite and specific order of the court requiring [him] to perform or refrain from performing a particular act or acts with knowledge of the court's order." Rolex Watch U.S.A., Inc., 74 F.3d 716, 720 (6th Cir. 1996) (internal quotation marks omitted). The movant "is only required to show that the [non-movant] had knowledge of and violated the court's order." Rolex Watch U.S.A., 74 F.3d at 721. "In order to make a prima facie case of contempt, the moving party is required only to demonstrate that certain conduct was required by a previous court order and that the alleged contemnor failed to comply."

5

United States v. Dye, No. 09-2097-STA, 2009 WL 2579662, at *4 (W.D. Tenn. Aug. 18, 2009). The court "requires that the prior order be 'clear and unambiguous' to support a finding of contempt." Liberte Capital Grp., LLC v. Capwill, 462 F.3d 543, 550 (6th Cir. 2006) (quoting Grace v. Ctr. for Auto Safety, 72 F.3d 1236, 1241 (6th Cir. 1996)). "Ambiguities must be resolved in favor of the persons charged with contempt." Id. at 551.

Once the movant establishes its prima facie case, the burden shifts to the non-movant, see Rolex Watch U.S.A., 74 F.3d at 720, and the non-movant "must show categorically and in detail why he or she is unable to comply with the court's order." Elec. Workers Pension Trust Fund of Local Union #58 v. Gary's Elec. Serv. Co., 340 F.3d 373, 383 (6th Cir. 2003) (quoting Rolex Watch U.S.A., 74 F.3d at 720) (internal quotation marks omitted). When evaluating a non-movant's failure to comply, the court must consider whether the non-movant "took all reasonable steps within [his] power to comply with the court's order." Elec. Workers, 340 F.3d at 383 (alteration in original). A non-movant may defend against contempt by producing evidence to show that he is presently unable to comply with the court order. Id. at 383. The present inability cannot be due to the non-movant's own actions. Id. Also, failure to comply with a court order will not be excused for "mere financial hardship." United States v. Work Wear Corp., 602 F.2d

6

110, 116 (6th Cir. 1979).

## III. ANALYSIS

In the instant case, it is undisputed that Rice was aware of the Court's Order and has yet to comply. (See ECF No. 94-7 at 5:10-15; see also ECF No. 96-1 (emails from January 14, 2013, stating Rice was reserving his right to contest the amount of attorneys' fees); Rice Aff., ECF No. 96-8 ¶ 3 ("I am aware of the language of this Court's Order dated December 17, 2012 . . . and the obligations imposed upon me pursuant to said Order.").) The Court also finds that its Order was unambiguous as to what costs and fees Rice for which he is responsible. The Court further finds the Order is unambiguous in stating that only disputes "as to the amount of fees, expenses, and costs to be paid by Rice" would be submitted to the Court. The Order did not state the Court would screen the reasonableness of BP's fees before they were invoiced to Rice. Rice's apparent misunderstanding of the Order and argument that he has not had a chance to "appropriately challenge these fees" is unavailing: Rice received invoices for the proposed fees as early as March 21, 2013, but raised no issued with the Court.

The Court finds, however that the Order does not state a date by which the fees must be paid. While BP stated in each of its invoices that it expected payment within thirty days of the date of the letter accompanying each invoice, see ECF No. 96-4

7

and ECF No. 96-5, the Court finds its Order was not "clear and unambiguous" with respect to the dates by which the discovery costs were to be paid. As a result, a finding of contempt is inappropriate and Plaintiff's Motion is DENIED.

Having determined the Court's Order was not "clear and unambiguous" regarding the date by which the discovery costs were to be paid, the Court need not determine whether Defendant met his burden to show that he took all reasonable steps to comply with the Court's Order.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is DENIED.

Regarding Defendant's argument that he "has not had the opportunity to appropriately challenge these [discovery] fees" (ECF No. 96 at 13), for the reasons stated at the hearing, the Court requires Defendant to file any objections to the reasonableness of the fees within fourteen (14) days from the entry of this Order. Each objection to BP's invoices must be set forth in a specific, line-by-line manner. BP shall file any response to Defendant's objections within fourteen (14) days of the filing of the objections.

If Defendant takes the position that he is unable to pay the discovery costs in a lump sum, the Court DIRECTS Defendant to file a certified financial statement and shall additionally specifically provide all bank and financial account balances

8

(stocks, bonds, securities, and financial instruments of any kind), assets and liabilities, statement of net worth, and monthly expenses within fourteen (14) days of entry of this Order.

**IT IS SO ORDERED**, this 12th day of August, 2013.

/s/ Jon P. McCalla
CHIEF JUDGE, U.S. DISTRICT COURT